**UNITED STATES of America**

v.

**Alberto PENA, Appellant.**

**No. 05–3199.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) April 28, 2006.

Filed May 1, 2006.

258

George S. Leone, Office of United States Attorney, Newark, NJ, for United States of America.

Paulette L. Pitt, Fusco & Macaluso, Passaic, NJ, for Alberto Pena.

Before SCIRICA, Chief Judge, NYGAARD, and ALARCÓN,* Circuit Judges.

## OPINION OF THE COURT

ALARCÓN, Circuit Judge.

Alberto Pena was convicted of conspiracy to distribute and possess with intent to distribute more than 100 grams of heroin in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. The District Court sentenced him to 60 months imprisonment, based on an advisory United States Sentencing Guidelines range. He seeks reversal of the District Court's sentencing decision on discrete grounds. He contends that the District Court erred in basing its sentencing decision on facts he did not admit in his guilty plea. He also maintains that his sentence is unreasonable because the District Court improperly ignored Mr. Pena's rehabilitative efforts and community service in fixing his sentence. We affirm.

## I

On January 21, 1992, Mr. Pena pled guilty to the crime of conspiracy to distribute and possess with intent to distribute more than 100 grams of heroin. During the plea proceedings, Mr. Pena testified that he was involved in the sale of 9.4 grams of heroin on November 13, 1991 at MF Transmissions, his place of employment. He also testified that he conspired with Julio Mota to supply Miguel Pena 50

* The Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

grams of heroin which was ultimately sold to Manny Mendez on January 3, 1992.

Mr. Pena absconded after the plea hearing and was not apprehended until 2004. During his time as a fugitive, Mr. Pena was convicted under an assumed name of possession of heroin with intent to distribute, and served time in a Maryland state prison. He subsequently returned to the Newark area where he worked at a family restaurant. He also became involved in numerous religious and community outreach activities.

At Mr. Pena's first sentencing hearing on May 13, 2004, the District Court imposed a sentence of 60 months. Mr. Pena filed a notice of appeal from the sentencing decision on May 24, 2004. On April 21, 2005, this Court vacated the sentence and remanded for re-sentencing under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

The District Court again sentenced Mr. Pena to serve 60 months on June 17, 2005. This sentence was based on the 57–71 month range suggested by the now advisory Sentencing Guidelines.

In calculating this range, the District Court attributed to Mr. Pena 79.3 grams of heroin, including the 19.9 grams seized from MF Transmissions on November 15, 1991, added two points for obstruction of justice, and found a Criminal History of II. Although the District Court drew heavily on the Presentence Report ("PSR"), it rejected its suggestion that Mr. Pena should be assessed additional points for his role in the conspiracy, and did not attribute to Mr. Pena the 71.6 grams of *cocaine* also found in the November 15, 1991 search.

The District Court considered each of the factors enumerated in 18 U.S.C. § 3553(a) in reaching the 60–month sentence. It discussed each factor individually. In response to defense counsel's requests that it should consider Mr Pena's rehabilitative efforts since he absconded in

1992, the District Court discussed this factor at length. The District Court concluded that Mr. Pena's good deeds did not entitle him to a lesser sentence because of his eleven years as a fugitive, his failure to turn himself in, the seriousness of heroin-related crimes, and the need for deterrence. Mr. Pena filed a timely notice of appeal on June 24, 2005. We have jurisdiction pursuant to 18 U.S.C. § 3742(a).

## II

The Government argues that this Court lacks jurisdiction to review sentences within the applicable Sentencing Guidelines range. This Court recently rejected this argument in *United States v. Cooper*, 437 F.3d 324 (3d Cir.2006). In *Cooper*, this Court held that an appellate court has jurisdiction under § 3742(a)(1) to review the unreasonableness of a sentence "whether within or outside the advisory guidelines range." *Id.* at 328 (quoting *United States v. Martinez*, 434 F.3d 1318, 1320 (11th Cir.2006)).

## III

Mr. Pena first argues that the District Court erred in basing its sentence on a finding that the 19.9 gram heroin transaction of November 15, 1991 was attributable to him. Mr. Pena cites *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), for the proposition that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348. He contends that his sentence is beyond the statutory maximum in that it is based on a guilty plea on an amount of heroin in excess of the amount he admitted during the proceedings.

■ This argument completely ignores Justice Breyer's remedial opinion in *Booker*. A majority of the Court in *Booker* concluded that "when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." 543 U.S. at 233, 125 S.Ct. 738. The 19.9 grams of heroin seized on November 15, 1991 were found in a search of Mr. Pena's workplace and the headquarters of the conspiracy in which he participated. Mr. Pena pled guilty to participating in a conspiracy to distribute and possess with intent to distribute more than 100 grams of heroin between November 1, 1991 and January 8, 1992. The District Court did not err in concluding that the 19.9 grams of heroin were possessed in furtherance of the conspiracy. Nor did it violate *Booker* in attributing 19.9 grams of heroin to Mr. Pena. A district court may consider relevant conduct in determining a Sentencing Guidelines range. U.S.S.G. § 1B1.3. The District Court did not deviate from the Sentencing Guidelines range supported by his plea to conspiracy to distribute an distribute and possess over 100 grams of heroin, and it treated the Sentencing Guidelines as advisory.

## IV

Mr. Pena also argues that his sentence is not reasonable under *Booker* because the District Court did not thoroughly consider the factors enumerated in 18 U.S.C. § 3553(a). *See Booker*, 543 U.S. at 259–61, 125 S.Ct. 738. More specifically, he contends that the trial court did not give adequate weight to Mr. Pena's charitable efforts in recent years and improperly focused on his time as a fugitive.

For a sentence to be reasonable under *Booker*, "[t]he record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors," which include the range suggested in the Sentencing Guidelines. *Cooper*, 437 F.3d at 329. The reasonableness inquiry thus requires the trial court to "calculate the correct guidelines range applicable to the defendant's particular circumstances." *Id.* at 330. As discussed above, the District Court applied the proper Sentencing Guidelines range.

■ Next, the trial court must give "meaningful consideration" to the § 3553(a) factors and to any arguments "properly raised by the parties which have recognized legal merit and factual support in the record." *Id.* at 329, 332 (internal citations omitted). Although the trial court need not recite all the factors, the record must show that the court took them into account and "reasonably applied [them] to the circumstances of the case." *Id.* at 329–30. This Court reviews the District Court's application of § 3553(a) factors under a "deferential" standard of review, and must affirm where the district judge imposed the sentence "for reasons that are logical and consistent with the factors set forth in section 3553(a)." *Id.* at 330. The appellant bears the burden of proving unreasonableness. *Id.* at 332.

The District Court explicitly applied each factor enumerated in § 3553(a) to Mr. Pena's situation. In considering the nature and circumstances of the crime, the District Court noted Mr. Pena's flight and prior narcotics offense. As to the characteristics of defendant, the Court acknowledged that Mr. Pena had made positive changes in his life since his crime, but that these changes were not so extraordinary as to constitute a mitigating factor. The District Court noted that drug crimes have become a "scorge [sic] on our society, particularly here in urban areas of the northeast corridor," and that the Sentencing Guidelines range therefore properly addressed the seriousness of the crime and

constituted just punishment for it. (Appellant's Appendix 119). As to deterrence, the Court found that while the need to deter Mr. Pena specifically was low, the need to deter flight and drug crime generally was an operative consideration. The District Court found no need to protect the public from Mr. Pena. Finally, the District Court found that the educational and vocational needs of Mr. Pena would be served by the sentence, particularly in light of his constructive activities in prison up to that point.

The District Court also gave due consideration to defense counsel's arguments regarding Mr. Pena's personal transformation and community service. Defense counsel presented evidence of Mr. Pena's self-initiated rehabilitation and numerous community outreach activities. She argued that much of what a prison sentence is meant to achieve had already been accomplished through Mr. Pena's own efforts. The District Court reasonably responded that Mr. Pena's self-rehabilitation was undermined by his eleven years as a fugitive and failure to turn himself in. The Court further concluded that to reward Mr. Pena for community service performed as a result of his fugitive status would encourage flight. Mr. Pena has failed to demonstrate that his sentence was unreasonable.

The District Court applied the sentencing guidelines in an advisory capacity and imposed a sentence that was reasonable.

For the foregoing reasons, we will affirm the judgment of the District Court.